UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY LARKIN,

    Plaintiff,

v.                                        Case No.  8:14-cv-2524-T-30TGW

B&B PROTECTOR PLANS, INC. and
BROWN & BROWN OF FLORIDA, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Judgment on the Pleadings (Dkt. 22) and Plaintiff's Response in Opposition (Dkt. 24).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Tammy Larkin filed the instant action against Defendants B&B Protector Plans, Inc. and Brown & Brown of Florida, Inc., under the Family Medical Leave Act ("FMLA").  Larkin alleges one claim of FMLA interference and one claim of FMLA retaliation. Both claims relate to Larkin's termination.  Specifically, Larkin claims that after she took leave under the FMLA, Defendants gave her unrealistic goals; Defendants then terminated Larkin for failing to meet these goals.  The termination was in retaliation for

Larkin's use of protected FMLA leave. Larkin's FMLA leave was also used as a negative factor in Defendants' decision to terminate her employment.

Defendants move for judgment on the pleadings on the FMLA interference claim. Defendants argue that the pleadings make clear that Defendants did not interfere with a right provided by the FMLA because Larkin alleges that Defendants provided her with FMLA leave and Larkin used that leave; in other words, Defendants argue that Larkin does not allege that Defendants interfered with any benefit she was entitled to under the FMLA. As explained below, this argument is premature at this stage.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

In an FMLA interference claim, "an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA]." *Strickland v. Water Works & Sewer Bd. of City of Birmingham,* 239 F.3d 1199, 1206 (11th Cir. 2001). Defendants argue that Larkin cannot establish an interference claim as a matter of law because Larkin alleges that Defendants provided her leave under the FMLA. This argument fails at the pleading stage. *This* Court has previously held, relying on 29 C.F.R. § 825.220(c),[1] that even if a plaintiff is granted leave under the FMLA, a plaintiff may still allege an interference claim under the FMLA if she can establish that her use of FMLA leave was later used as a negative factor in the employer's decision to terminate her employment. *See Hoppingarner v. Corinthian Colleges, Inc.*, No. 8:11-cv-397-T-30TGW, 2012 WL 1551274 (M.D. Fla. April 30, 2012) (Moody, J.). This is exactly what Larkin has pled in her complaint: Larkin alleges that Defendants negatively used her FMLA leave as a factor in her termination. Accordingly, at the pleadings stage, Larkin has met her burden to allege a claim of FMLA interference. The Court renders no opinion on the merits of the claim at this stage.

---

[1] Section 825.220(c) states: "The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. *By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions*; nor can FMLA leave be counted under no fault attendance policies." (emphasis added).

It is therefore ORDERED AND ADJUDGED that Defendants' Motion for Judgment on the Pleadings (Dkt. 22) is denied.

**DONE** and **ORDERED** in Tampa, Florida on March 18, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-2524.denymt-judg-plead-22.wpd